UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUMIT PATEL,
d/b/a VELP MOBIL MART,
and PATEL FAMILY TRUST,

                Plaintiff,

            v.                              Case No. 24-CV-767

FEDERATED MUTUAL
INSURANCE COMPANY,

                Defendant.

---

## ORDER

---

      Sumit Patel (d/b/a Velp Mobil Mart) and Patel Family Trust (referred to here collectively as Patel) filed this action against Federated Mutual Insurance Company after Federated denied Patel's insurance claim. (ECF No. 1-1.) Federated's denial is based on its assertion that the fire damage to the plaintiffs' business was the result of an act of arson by Patel. (ECF No. 1-1 at 6.)

      Patel served discovery seeking the production of Federated's claim notes. (ECF No. 25.) Federated objected, asserting that the notes are not relevant to the breach of contract claim. (ECF No. 25-3 at 6.) Patel now moves to compel production. (ECF No. 23.)

      Under Fed. R. Civ. P. 26(b)(1), discovery is limited to nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.

District courts have broad discretion in resolving discovery disputes. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013).

Wisconsin law governs the substantive issues related to the parties' breach of contract and bad faith claims. *See Klonowski v. Int'l Armament Corp.*, 17 F.3d 992, 995 (7th Cir.1994) ("As a federal court sitting in diversity, we apply Wisconsin state law to resolve the substantive questions concerning the accident and federal law on any procedural and evidentiary issues."). In Wisconsin, a breach of contract is a "fundamental prerequisite" to proving a bad faith claim against an insurer. *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 65, 334 Wis. 2d 23, 52, 798 N.W.2d 467, 482. Courts routinely bifurcate contract and bad faith claims to avoid premature discovery into issues only relevant to bad faith. *See Groves v. Am. Fam. Mut. Ins. Co. SI*, No. 19-C-1453, 2020 WL 1442879, at *1 (E.D. Wis. Mar. 24, 2020) ("Plaintiff's claims are distinct and proceeding with discovery on the bad faith and breach of contract claims simultaneously may cause prejudice"); *Shalock v. State Farm Mut. Auto. Ins. Co.*, No. 13-C-0538, 2014 WL 950548, at *2 (E.D. Wis. Mar. 11, 2014) ("Bifurcation reduces the risk of … prejudice to the insured if the Shalocks are given the right to discover otherwise privileged information."); *Poznanski v. Pennsylvania Life Ins. Co.*, No. 11-C-260, 2011 WL 2634406, at *3 (E.D. Wis. July 5, 2011) ("While Wisconsin law is not controlling… it provides insight regarding why the Wisconsin state courts delay discovery on the issues pertinent to a bad faith claim.").

To compel discovery, Patel must first demonstrate that the claim notes are relevant to the breach of contract claim. Patel argues that "the claim notes are

relevant to identify additional witnesses, documents, and other evidence in this case" and that they may contain "relevant information in the form of opinions about cause and origin or scope or amount of damages." (ECF No. 28 at 2.)

An insurance adjuster's opinions are not relevant to the question of whether the policy provides coverage. *Winter v. Liberty Mut. Fire Ins. Co.*, No. 06-C-800, 2006 WL 2711804, at *2 (E.D. Wis. Sept. 21, 2006) ("Coverage under an insurance policy is generally a question of law that does not require inquiry into the motivations or the reasoning process of the insurer or its representatives. The motivation and intent of the insurer, on the other hand, are directly relevant to bad faith claims.").

Insofar as the notes may point to other evidence potentially relevant to the breach of contract claim, such evidence is more readily available through less invasive means including depositions and interrogatories. Presumably, it was because the parties wished to avoid such intrusive and potentially expensive discovery that they stipulated to bifurcate this action and stay discovery on the bad faith claim.

In light of that stipulation (ECF No. 22) the court will deny Patel's motion to compel. The parties' stipulation expressly provided that Federated "will not be required to respond to any discovery… that relates to" the bad faith action until the breach of contract claim is resolved. (ECF No. 22 at 1-2.) Bad faith discovery will proceed only if the breach of contract claim survives summary judgment. (ECF No. 27). By Patel's own admission, the claim notes may have relevance to the bad faith claim. (ECF No. 28 at 3.) Allowing such discovery now would not only undermine the parties' stipulation and the court's bifurcation order, but it would also erode the

rationale for staged discovery that Wisconsin courts have consistently endorsed. *See Dahmen v. Am. Fam. Mut. Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 541, 635 N.W.2d 1.

Because the court will not be holding separate trials on the breach of contract and bad faith claims, bifurcation is efficient only if the insurer believes the plaintiff's breach of contract claim will fall at summary judgment. If Federated believes that disputes of material fact are likely to preclude summary judgment in its favor on Patel's breach of contract claim, perhaps it would make sense for the parties to agree to vacate their stipulation. Otherwise, bifurcation would seem to be inefficient in that it would increase the risks of, for example, having to twice depose witnesses. But for present purposes, in light of the parties' stipulation, Patel's motion to compel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to compel (ECF No. 23) is DENIED. Any request for expenses under Rule 37(a)(5) must be submitted no later than August 28, 2025. Any response is due no later than September 11, 2025.

Dated at Green Bay, Wisconsin this 7th day of August, 2025.

s/ Byron B. Conway  
BYRON B. CONWAY  
United States District Judge
