## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SUMIT PATEL, et al.,

        Plaintiffs,

v.                          Case No. 24-CV-767

FEDERATED MUTUAL INSURANCE COMPANY,

        Defendant.

## DECISION AND ORDER

Federated Mutual Insurance Company seeks to quash subpoenas that the plaintiffs issued to four entities. (ECF No. 41.) Those four entities were involved in the investigation of the plaintiffs' insurance claim that gave rise to this action. The plaintiffs seek the records that those entities have related to the claim.

Federated argues that the plaintiffs' subpoenas are improper, or at least premature, because Federated may be designating persons from these entities as experts. It argues that the records are protected under Fed. R. Civ. P. 26(b)(4) and the plaintiffs are trying to evade these protections by serving their subpoena before the April 2, 2026 deadline for Federated to disclose its experts.

Federated's motion appears to rely on two premises. First, it is improper for a party to use a subpoena to obtain documents from an opponent's expert. Second (or alternatively), what is discoverable by way of a subpoena depends on whether a

person is designated a testifying or consulting expert. As explained below, both premises are incorrect, and therefore the court will deny Federated's motion to quash.

Experts are commonly divided between testifying and non-testifying or consulting experts. A testifying expert must disclose certain information, *see* Fed. R. Civ. P. 26(a)(2), and, if a testifying expert is required to provide a written report, that expert can be deposed only after the report is provided, Fed. R. Civ. P. 26(b)(4)(A).

The disclosures required for a testifying expert under Rule 26(a)(2) represent the minimum and are not exhaustive. *Roman v. City of Chi.*, No. 20 C 1717, 2023 U.S. Dist. LEXIS 2509, at *2, *12-*14 (N.D. Ill. Jan. 6, 2023). A party may use a subpoena under Rule 45 to get additional information. *Id.* at *37. Notably, the only limitation in Rule 45 specifically related to experts is that a court may quash or modify a subpoena to protect "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii). If the rule makers intended to broadly limit subpoenas for documents in the possession of an expert (or an expert's employer) they surely would have. *Roman*, 2023 U.S. Dist. LEXIS 2509, at *16.

Consulting experts, on the other hand, are not subject to any automatic disclosure obligations. Moreover, consulting experts are exempt from interrogatories or depositions. Fed. R. Civ. P. 26(b)(4)(D). However, Rule 26(b)(4)(D) is narrow. It provides no limit on a subpoena for documents. *IQL-Riggig, LLC v. Kingsbridge Techs.*, No. 19 CV 6155, 2021 U.S. Dist. LEXIS 58939, at *16, 127 A.F.T.R.2d (RIA) 2021-1410 (N.D. Ill. Mar. 29, 2021) ("Here, this rule is not applicable at this time

2

because Kingsbridge subpoenaed the materials and did not serve interrogatories on Got Docs, or subpoena Meilinger for a deposition."); *see also Cty. of Cook v. Wells Fargo & Co.*, No. 14 C 9548, 2021 U.S. Dist. LEXIS 39991, at *4 (N.D. Ill. Mar. 3, 2021) ("Rule 26(b)(4)(D) by its express terms applies to discovery sought by 'interrogatories or deposition,' and thus does not apply where, as here, a party seeks discovery via a request for production.").

Thus, nothing in Rule 26 or 45 that broadly prohibits a party subpoenaing documents in the possession of an opponent's expert (or an expert's employer). Therefore, the court turns to Federated's argument that any such subpoena is premature because it has not yet decided who it will designate as a testifying expert.

The timing of the subpoena is material only insofar as the proper scope of the subpoena depends on who Federated designates as a testifying expert. Federated points to Fed. R. Civ. P. 26(b)(4)(B) and (C) which states:

> (B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
>> (i) relate to compensation for the expert's study or testimony;
>>
>> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

A consulting expert is unlikely to have prepared a draft report or Rule 26(a)(2) disclosures, but insofar as any exist, such documents are exempt from disclosure by the plain language of the Rule. The protection afforded under Rule 26(b)(4)(C) for attorney communications, however, applies only to a testifying expert and specifically a testifying expert required to prepare a report. Therefore, it is plausible that the lawful scope of the plaintiffs' subpoena will vary based on who Federated designates as a testifying expert.

Federated has not demonstrated that any document exists that fits into this gap; it has shown only that the gap potentially exists. The hypothetical existence of a gap is insufficient for Federated to sustain its burden to prove the court must modify or quash the subpoena. *See, e.g.*, *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07 cv 3, 2010 U.S. Dist. LEXIS 122827, at \*4 (N.D. Ind. Nov. 18, 2010) ("the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden" (quoting *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007))). More importantly, the deadline for Federated to designate its experts is April 2, 2026. (ECF No. 37.) Therefore, the passage of time during the pendency of the motion has mooted Federated's argument that the plaintiffs' motion was premature.

The fact that the subpoenas could encompass matter protected from disclosure under Rule 26(b)(4)(B) or (C), as well as Rule 45(d)(3)(A)(ii) or (iii) is not a basis to

modify the subpoenas. The court does not modify a subpoena simply to remind parties of what is already explicitly exempt from disclosure. Among other reasons, such an order specifying certain exemptions would be susceptible to falling into the trap of *expressio unius est exclusio alterius*. Rather, the movant must identify a live dispute over specific documents. Federated having failed to do so, there is no basis for a court order.

**IT IS THEREFORE ORDERED** that Federated Mutual Insurance Company's motion to quash is denied.

Dated at Green Bay, Wisconsin this 2nd day of April, 2026.

*s/Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge