**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SUMIT PATEL, et al.,**

**Plaintiffs,**

**v.** **Case No. 24-CV-767**

**FEDERATED MUTUAL INSURANCE COMPANY,**

**Defendant.**

---

# ORDER

---

Federated Mutual Insurance Company asks the court to compel the plaintiffs to respond to its Request for Production No. 6, and specifically, to "produce a complete QuickBooks backup file for the relevant period, and to permit a neutral third-party mutually acceptable to the parties or appointed by the Court, to filter and extract the QuickBooks data limited to the relevant time frame and produce the financial data therein." (ECF No. 52 at 1.) Although it initially sought data from 2015 to the present, it subsequently narrowed the request to the records of Velp Mobile Mart for 2019 through 2022. (ECF No. 53 at 1-2.)

The plaintiffs oppose the request as disproportionate to the needs of the case because the information sought is redundant and cumulative to the wide range of financial records that they have already produced. (ECF No. 54 at 1.) It states, "It should be noted that Plaintiffs have filtered the data themselves and produced the

documents in PDF format." (ECF No. 54 at 3.) The plaintiffs argue that Federated has failed to show why this production is insufficient.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A motion to compel may be filed when the opposing party fails to respond to a discovery request or when its response is insufficient. Fed. R. Civ. P. 37(a). "[D]istrict judges have broad discretion over discovery matters, including the appropriate scope of discovery." *Brown v. Montgomery*, No. 25-1220, 2025 U.S. App. LEXIS 33095, 2025 LX 593213, at *5 (7th Cir. Dec. 18, 2025) (citing *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025)).

The court accepts that, in terms of the substantive information contained, the records sought are likely to be largely duplicative of the financial data already produced. However, cumulative or duplicative discovery is not categorically prohibited. The court must limit discovery if it determines that "the discovery sought is *unreasonably* cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

A central question in this action is whether the Sumit Patel intentionally started the fire that destroyed the property insured by Federated. Federated is investigating whether Patel had a financial motive to commit arson. In that regard, the Quickbooks data is relevant. Federated has obtained tax records, profit and loss statements, bank records, and invoices. The relevant Quickbooks file, however, is

likely to offer the most comprehensive, accurate, accessible portrait of Patel's financial circumstances. It is also likely to afford a means of assessing the accuracy of the other financial records that Federated has received.

The Quickbooks file is likely to be somewhat duplicative but not unreasonably so. In terms of proportionality, the burden on a plaintiff to produce a Quickbooks backup file is trivial. The burden is far less than that associated with the plaintiffs filtering the data and producing the records in PDF. And in any event, the requestor is generally entitled to specify the format in which electronically stored information must be produced. Fed. R. Civ. P. 34(b)(1)(C). Federated's request reflects the most "orderly, efficient, and cost-effective discovery of electronically stored information." See Fed. R. Civ. P. 34 (2006 Advisory Committee Note); *see also Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 U.S. Dist. LEXIS 104363, at *22 (N.D. Ill. June 3, 2021) (finding insufficient party's production of Excel files in PDF); *Apex Colors, Inc. v. Chemworld Int'l Ltd.*, No. 2:14-CV-273-PRC, 2016 U.S. Dist. LEXIS 78442, at *11 (N.D. Ind. June 16, 2016) (same).

Although Federated asks the court to compel the plaintiffs "to respond to Request for Production No. 6 in FEDERATED's Second Set of Requests for Production and produce a complete QuickBooks backup file for the relevant period, and to permit a neutral third-party mutually acceptable to the parties or appointed by the Court, to filter and extract the QuickBooks data limited to the relevant time frame and produce the financial data therein" (ECF No. 52 at 1 (capitalization in original)) it has not provided the court with a copy of that request for production. Consequently,

the court cannot simply order the plaintiffs to respond to Request for Production No. 6; without being able to review that request, the court does not know what it would be ordering.

Rather, the court **grants** Federated's motion as follows. Within **14 days** of this order the plaintiffs shall provide to Federated a complete backup copy of the Velp Mobile Mart's Quickbooks data for the period 2019 through 2022.

Any request for expenses under Fed. R. Civ. P. 37(a)(5) shall be filed within **21 days** of this order.

**SO ORDERED**.

Dated at Green Bay, Wisconsin this 2nd day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge